# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; THE STATE OF FLORIDA; *ex rel.* Florida Society of Anesthesiologists, | )<br>)<br>)<br>) |
| Relators, | ) Civil Action No.<br>) 8:13-cv-2603-T-27AEP |
| v. | )<br>) |
| Umesh Choudhry, *et al.*, | ) **JURY TRIAL DEMANDED**<br>) |
| Defendants. | ) |

**DR. JACK GROOVER'S MOTION FOR LEAVE TO FILE A REPLY TO RELATOR'S OPPOSITION TO GROOVER DEFENDANTS' MOTIONS TO DISMISS SECOND AMENDED COMPLAINT AND REQUEST FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT**

Defendant, Jack Groover ("**Dr. Groover**"), by and through his undersigned counsel, and pursuant to Local Rule 3.01(c), respectfully submits this Motion for Leave to File a Reply to Relator's Opposition to Groover Defendants' Motions to Dismiss Second Amended Complaint and Request for Leave to File Third Amended Complaint (the "**Motion for Leave**"). In support, Dr. Groover states the following:

## I. REQUEST FOR LEAVE TO REPLY

1. Dr. Groover filed a motion to dismiss (the "**Motion to Dismiss**") the Second Amended Complaint ("**SAC**") on June 15, 2016. (Doc. 43). Relator responded to the Motion to Dismiss on August 2, 2016 (the "**Response**"). (Doc. 86).

2. To avoid dismissal, the Response attempts to clarify points and provide additional information not contained in the SAC in an attempt to provide the particularity that the SAC is lacking. *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310

(11th Cir. 2002). For instance, in the Response the Relator repeatedly makes statements and then cites to its *proposed* Third Amended Complaint. *See* Response at pp. 4, 11, 12, 17 n. 7, & 22. Eleventh Circuit case law requires that the *complaint* put Dr. Groover on notice of the claims that are actually being advanced by the Relator, not the Response and certainly not a proposed, amended complaint. *See United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006).

3. In addition, the Response fails to accurately portray the law in the Eleventh Circuit. For example, the Relator claims that it satisfied Rule 9(b) by making conclusory statements that Dr. Groover "paid remuneration to the referrers of anesthesia services." *See* Response at p. 4. Then Relator claims that Dr. Groover's "remuneration channel/s (sic) have been hidden," so Relator is entitled to discovery to satisfy Rule 9(b). *See id.* However, the Eleventh Circuit does not allow a relator to cure his pleading deficiencies by subjecting the defendant to discovery. *See Clausen*, 290 F.3d at 1313 n.24 ("When a plaintiff does not specifically plead the minimum elements of their allegation, it enables them to learn the complaint's bare essentials through discovery and may needlessly harm a defendants' goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements.").

## II. RELATOR'S "REQUEST" TO FILE THIRD AMENDED COMPLAINT

4. In addition to responding to the Motion to Dismiss, the Relator used its Response to "request" leave to file a Third Amended Complaint ("**TAC**"). If the Relator meant to seek leave to file the TAC, it failed to (1) file a proper motion and (2) confer with opposing counsel as required by Local Rule 3.01(g). Moreover, a review of the proposed

*fourth* pleading, makes it clear that Relator cannot allege sufficient facts to satisfy the requisite heightened pleading requirements. The Relator simply continues to make conclusory allegations and fails to provide the necessary who, what, where, when and how of the alleged fraud. *See Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009). Accordingly, allowing further amendments would be futile.

5. A reply to the Response is appropriate and necessary in order to assist this Court by clarifying the legal and factual issues confused by the Relator. Dr. Groover's Reply will be no longer than ten (10) pages and could be filed within ten (10) days.

WHEREFORE, Dr. Groover respectfully requests that this Court (i) grant the Motion for Leave, (ii) deny Relator's "request" to file the TAC, and (iii) grant such other relief as this Court deems just and proper.

**Local Rule 3.01(g) Certification**

Counsel for Groover certifies that prior to filing this Motion, counsel conferred with counsel for Relator regarding the relief sought in this Motion. Counsel for Relator does not oppose this request to reply.

Dated: August 10, 2016
                                               Respectfully submitted,

                                               */s/ Danielle S. Kemp*
                                               Gregory W. Kehoe (FBN 0486140)
                                               kehoeg@gtlaw.com
                                               Danielle S. Kemp (FBN 0474355)
                                               kempd@gtlaw.com
                                               Greenberg Traurig, P.A.
                                               101 East Kennedy Blvd., Suite 1900
                                               Tampa, FL 33602
                                               Telephone: 813.318.5700
                                               Facsimile: 813.318.5900

                                               *Counsel for Defendant Dr. Jack Groover*

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of August 2016, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to counsel of record.

                                                */s/ Danielle S. Kemp*
                                                Attorney