UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA; THE
STATE OF FLORIDA; ex. rel FLORIDA
SOCIETY OF ANETHESIOLOGISTS,

    Plaintiffs/Relators,

v.                                            Case No: 8:13-cv-2603-T-27AEP

UMESH CHOUDHRY, et al.,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Defendant Groover's Motion to Dismiss Second Amended False Claims Act Complaint (Dkt. 43), Defendants Jax Anesthesia Providers, LLC, Southpoint Anesthesia, LLC, and Borland-Groover Clinic, P.A.'s Motion to Dismiss (Dkt. 50), and Relator Florida Society of Anesthesiologists' opposition (Dkts. 86).[1] Also before the Court is Defendants' Motion to Stay Discovery and to Extend Case Management Deadlines (Dkt. 84), which Relator opposes (Dkt. 95). Upon consideration, the motions to dismiss are **GRANTED**. The motion to stay discovery is **GRANTED**.

### BACKGROUND

Relator Florida Society of Anesthesiologists ("FSA") is a "professional association [of] nearly 2,000 anesthesiologists throughout the State of Florida." (Dkt. 32 ¶ 9). FSA's Second Amended Complaint alleges that fifteen defendants violated the False Claims Act, 31 U.S.C. § 3729 *et seq.*, the Florida False Claims Act, Fla. Stat. § 68.081 *et seq.*, and the Anti-Kickback Statute, 42 U.S.C. §

---

[1] The government filed a Statement of Interest (Dkt. 99), to which several of the Defendants responded (Dkts. 101, 102, 103, 104, 105, 106, 107).

1320a-7b *et seq.* by engaging in kickback schemes.

## STANDARD

To state a False Claims Act claim, the FSA must satisfy two pleading standards.[2] First, the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but more than an unadorned, conclusory accusation of harm are. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint must "plead all facts establishing an entitlement to relief with more than 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And while "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 678.

Second, a False Claims Act complaint must "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b); *see United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). The particularity requirement of Rule 9(b) is satisfied if the complaint alleges "facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them." *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009) (citing *Clausen*, 290 F.3d at 1310). And in the context of a kickback scheme, as the FSA acknowledges, "[t]o plead a violation of the Anti-Kickback Statute, the Relator must allege that (1) [defendant] knowingly and wilfully (2) offered or paid any remuneration (3) to induce a physician to refer a patient for services

---

[2] The same pleading standards apply to the Florida False Claims Act. *U.S. ex rel. Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1034 n. 5 (S.D. Fla. 2007); *U.S. ex. rel. Schubert v. All Children's Health System, Inc.*, No. 8:11-cv-1687-T-27EAJ, Dkt. 68 n. 6 (M.D. Fla. 2013).

that may be paid by a federal health care [program." See 42 U.S.C. § 1320a-7b(b)(2).

## DISCUSSION

The "central question" in any False Claims Act case is "whether the defendant ever presented a 'false or fraudulent claim' to the government." *Hopper*, 588 F.3d at 1326 (quoting *Clausen*, 290 F.3d at 1311). This Circuit has cautioned that drawing "inferences about the submission of fraudulent claims would 'strip[] all meaning from Rule 9(b)'s requirements of specificity.'" *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1013 (11th Cir. 2005) (quoting *Clausen*, 290 F.3d at 1312 n.21). And the particularity requirement of pleading a false claim cannot be overcome by describing other allegedly improper conduct. *Id.* at 1311. Nor does Rule 9(b) permit a relator "merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government." *Id.*

The first deficiency in the Second Amended Complaint is that it alleges two unrelated kickback schemes, one on the west coast of Florida involving Dr. Umesh Choudhry and related businesses, and the other on the east coast of Florida involving Dr. Jack Groover and related businesses. There are no factual allegations connecting the two schemes.

The first scheme, based in Pinellas County, "center[ed]" around Defendant Dr. Umesh Choudhry, who owned two anesthesia service companies,[3] which provided anesthesia services to several ambulatory surgery centers.[4] The anesthesia service companies allegedly secured the contracts

---

[3] Defendants Advanced Anesthesia Associates, LLC and All Services Anesthesia, LLC.

[4] Defendants North Pinellas Surgery Center ("NPSC"), St. Petersburg Endoscopy Center ("SPEC"), Safety Harbor Surgery Center, LLC ("SHSC"), Clearwater Endoscopy Center ("CEC"), and West Coast Endoscopy Holdings ( Incorrectly named in the complaint as West Coast Endoscopy Centers Holdings, LLC).

with the ambulatory service centers by agreeing to "shar[e] the revenue . . . with the owners of the ASCs that awarded [them] the contracts." (Dkt. 32, ¶¶ 54–78). Relying on Advisory Opinion No. 12-06 issued by the Office of the Inspector General of the Department of Health and Human Services, the FSA alleges that this scheme involved illegal kickbacks and led to the over-utilization of anesthesia services.[5]

The second scheme, based in Duval County, centers around Defendant Jack Groover and the physician group he partly owns, Borland-Groover Clinic. The complaint alleges that Dr. Groover owned or co-owned two anesthesia service companies, Defendants Jax Anesthesia Providers, LLC and Southpoint Anesthesia LLC, and that he "used his reputation and large practice" to obtain contracts for his anesthesia service companies with a number of ambulatory surgery centers. (Dkt. 32, ¶¶ 80–92). Notwithstanding, the east coast scheme is only described in broad, general terms, without the particularity required by Rule 9(b). *See Hopper*, 588 F.3d at 1324 (*qui tam* complaint must allege "the details of the defendant['s] allegedly fraudulent acts, when they occurred, and who engaged in them.").

As noted, nothing in the Second Amended Complaint connects the two schemes or two groups of defendants, other that the FSA's reference to "Defendants" throughout its complaint. Indeed, the complaint alleges, without distinguishing between Drs. Choudhry and Groover, that the "Defendants" are "abusing . . . the[ir] . . . captive patient base," making their "conduct coercive in nature and threaten[ing] the independence of anesthesiology as well as patient care." (*Id.* ¶ 91). And because the

---

[5] Advisory Opinion No. 12-06 stated the Office of the Inspector General "has long been concerned about the potential for investments in ASCs to serve as vehicles to reward referrals," and "that the opportunity for the referring physician to earn a profit, including through an investment in an entity for which he or she generates business, could constitute an illegal inducement under the anti-kickback statute." *Id.* pp. 7–8 (*available at* https://oig.hhs.gov/fraud/docs/advisoryopinions/2012/AdvOpn12-06.pdf).

FSA, in shotgun fashion, incorporates all preceding allegations into each count and fails to distinguish between the fifteen defendants, it is impossible to determine what factual allegations relate to Dr. Groover, Jax Anesthesia Providers, LLC, Southpoint Anesthesia, LLC, and Borland-Groover Clinic, P.A.

The second deficiency in the Second Amended Complaint is that it is devoid of any factual allegations supporting a violation of the FCA or FCCA by Dr. Groover, Jax Anesthesia Providers, LLC, Southpoint Anesthesia, LLC, or Borland-Groover Clinic, P.A. Rather, as Defendants correctly urge, the FSA merely outlines the law, describes in conclusory fashion a referral kickback scheme in Pinellas County, and summarily concludes that the "Defendants" violated the FCA and FCCA. The requisite particularity as to Defendants Groover, Jax Anesthesia Providers, LLC, Southpoint Anesthesia, LLC, and Borland-Groover Clinic, P.A. is wholly lacking. *See United States ex rel. v. Atkins v. McInteer*, 470 F.3d 1350, 1359 (11th Cir. 2006) (complaint fails Rule 9(b) where relator "portrays the scheme and then summarily concludes that defendants submitted false claims to the government for reimbursement.").

Accordingly, the Second Amended Complaint as to these defendants is due to be dismissed. In sum, the complaint does not "state with particularity the circumstances constituting fraud or mistake" on their part. *U.S. v. Mastej v. Health Mgmt. Assocs., Inc.*, 551 Fed. Appx. 693 (11th Cir. 2014). Notwithstanding, leave to amend will be granted, because this will be the first substantive revision to the original complaint.[6]

---

[6] The Court expresses no opinion as to the sufficiency of the proposed Third Amended Complaint, which is not yet properly before the Court.

*Discovery*

Defendants move to stay all discovery and case management deadlines until a sufficient complaint has been filed. In this Circuit, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). And in the *qui tam* context, "[t]he particularity requirement of Rule 9 is a nullity if Plaintiff gets a ticket to the discovery process without identifying a single claim." *Clausen*, 290 F.3d at 1307 (quoting *United States v. Lab. Corp. of Am.*, 2001 WL 1867721, at *1 (N.D. Ga. May 16, 2001)). Accordingly, all discovery will be stayed until the Relator files a complaint that complies with Rule 9.

Accordingly,

Defendant Groover's Motion to Dismiss (Dkt. 43) and Defendants Jax Anesthesia Providers, LLC, Southpoint Anesthesia, LLC, and Borland-Groover Clinic, P.A.'s Motion to Dismiss (Dkt. 50) are **GRANTED**. The Second Amended Complaint is **DISMISSED** *without prejudice*. Relator is **GRANTED** 14 days to amend its complaint. Defendants' Motion to Stay Discovery and to Extend Case Management Deadlines (Dkt. 84) is **GRANTED**. Discovery and the Case Management deadlines are **STAYED** until further order.

**DONE AND ORDERED** this 11th day of October, 2016.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record