# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA; THE STATE OF FLORIDA; *ex rel.* Florida Society of Anesthesiologists, | )<br>)<br>)<br>) |
| Relators, | )<br>) Civil Action No.<br>) 8:13-cv-2603-T-27AEP |
| v. | )<br>) |
| Umesh Choudhry, an individual; Curvv, LLC, a Florida Limited Liability Company; Advanced Anesthesia Associates, LLC, a Florida Limited Liability Company; All Services Anesthesia, LLC, a Florida Limited Liability Company; North Pinellas Surgery Center, LLC, a Florida Limited Liability Company; North Pinellas Surgery Center Holding Company, LLC, a Florida Limited Liability Company; St. Petersburg Endoscopy Center, LLC, a Florida Limited Liability Company; E Street Endoscopy LLC (*dba* West Coast Endoscopy Center), a Florida Limited Liability Company; Safety Harbor Surgery Center, LLC, a Florida Limited Liability Company; Clearwater Ambulatory Surgery Centers, Inc., a Florida corporation, *dba* Clearwater Endoscopy Center; Physicians Endoscopy Holdings Inc., a Florida Corporation (collectively, Choudhry Defendants); AS WELL AS | )<br>) **JURY TRIAL DEMANDED**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Jack Groover, an Individual; Borland-Groover Clinic, a Florida Corporation; BGC Holdings, a Florida corporation; Jax Anesthesia Providers, LLC, a Florida Limited liability Corporation; and Southpoint Anesthesia, LLC, a Florida Limited Liability Corporation (collectively, Groover Defendants); | )<br>)<br>)<br>)<br>)<br>)<br>) |
| AND John Doe 1-1000; Jane Doe 1-1000, | )<br>) |
| Defendants. | ) |

1

## MOTION TO DISMISS THIRD AMENDED
## FALSE CLAIMS ACT COMPLAINT AND DEMAND FOR JURY TRIAL

Defendant, Jack Groover ("**Dr. Groover**"), through his undersigned counsel, and pursuant to Rules 9(b) and 12(b)(6), Federal Rules of Civil Procedure, respectfully moves this Court for entry of an order dismissing the Third Amended False Claims Act Complaint and Demand for Jury Trial (the "**Complaint**") with prejudice for failure to state a claim upon which relief can be granted and failing to plead fraud with specificity as required under the Federal Rules of Civil Procedure and applicable law. In support, Dr. Groover states the following:

### PRELIMINARY STATEMENT

In its Third Amended Complaint, the Relator has feigned particularity by increasing the length of the complaint by 169 paragraphs (some duplicative of others) in an attempt to address the deficiencies of its prior complaint. Although the actions complained of have been downgraded from "schemes" to "rings," the Relator has still failed to plead with particularity how ***Dr. Groover*** violated the False Claims Act ("**FCA**"), 31 U.S. Code, §§ 3729, *et seq*. Instead, the Relator interchangeably used the defined terms "Groover" and "Groover Defendants," making it impossible to determine the who, what, when, where and how of these alleged FCA violations.

Contrary to Eleventh Circuit precedent interpreting the FCA, the Relator still has not identified a *single* false claim submitted to the government or provided sufficient detail or specific examples to offer some indicia of reliability that the wrongful conduct complained of was a knowing FCA violation. Instead, the Plaintiff claims that it is not required to plead the presentment of even a single claim because the defendants' actions tainted every bill

2

rendering everything a FCA violation. *See* Complaint at ¶¶39 & 44. In addition, the Relator alleges that "the payment of kickbacks can reliably be inferred…," and relies on "information and belief" based on gossip from an alleged insider of one of the Groover Defendants to prove its allegations. *See id.* at ¶¶ 186 & 212. Then, the Relator summarily asserts that "[t]he Groover Defendants submitted bills and caused bills to be submitted that were false claims." Complaint at ¶235. This is not sufficient under Rule 9(b).

Moreover, the Relator has not stated a claim upon which relief can be granted. The Relator described letters ("**Letters**") from the American Association of Nurse Anesthetists ("**AANA**") and the American Society of Anesthesiology ("**ASA**") to the Office of the Inspector General ("**OIG**") that indicate that there is a lack of clarity between the interplay between the "company model" and the Anti-Kickback Statute ("**AKS**"), which proves that any alleged violation of the AKS by Dr. Groover could not be knowing and willful. In addition, Relator relies on Advisory Opinion 12-06 in arguing that the "company model" allegedly employed by Dr. Groover violates the AKS, but the Advisory Opinion specifically states that "[t]his opinion is limited to the facts presented," making its utility in this case negligible.

Furthermore, since the Florida False Claims Act ("**FFCA**"), §§68.081-68.092, Fla. Stat., is modeled after the FCA, the FFCA requires the same particularized pleading, which the Relator fails to provide. Accordingly, because the Relator has already amended its Complaint three (3) times, and has still failed to plead with specificity or provide sufficient notice for Dr. Groover to be able to file an answer, the Complaint should be dismissed with prejudice, as any additional amendments would be futile.

**MEMORANDUM OF LAW**

I.  **LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted if all well-pleaded facts are accepted as true and all inferences are drawn in favor of the Relator. *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief," but must allege more than conclusions or "a formulaic recitation of the elements of the cause of action[.]" FED. R. CIV. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, a Relator's "factual allegations must be enough to raise a right to relief above the speculative level." *Id*. In addition, a pleading must also contain sufficient factual matter, to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "plausibility" standard asks for more than sheer possibility that the defendant acted unlawfully. *Id.* Complaints must be dismissed when they contain only "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.*

In addition, Rule 9(b) applies to all FCA cases. Thus, the Complaint must "state with particularity the circumstances constituting fraud or mistake." *U.S. ex rel. Mastej v. Health Mgmt. Assocs., Inc.*, 591 Fed. Appx. 693 (11th Cir. 2014). Specifically, a FCA complaint "satisfies Rule 9(b) if it sets forth facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009) (quotation marks omitted); *see also Corsello v. Lincare, Inc.,* 428 F.3d 1008,

4

1012 (11th Cir. 2005) (requiring the "who," "what," "where," "when," and "how" of improper practices and fraudulent submissions to the government). The Court can then evaluate "whether the allegations of a complaint contain sufficient indicia of reliability to satisfy Rule 9(b) on a case-by-case basis." *United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1358 (11th Cir. 2006).

## II. THE COMPLAINT FAILS TO ALLEGE A VIOLATION UNDER THE FALSE CLAIMS ACT

The submission of a false claim is the "*sine qua non*" of a FCA violation. *Hopper*, 588 F.3d at 1328. Once again, the Relator has failed to plead the submission of a false claim in the Complaint. Relator attempts to skirt the requirement of actually presenting a false claim by alleging that every time "Defendants"[1] billed for anesthesia services, they certified that they were in compliance with the law, which was false "rendering each bill a false statements (sic) and a false claim for reimbursement." *See* Complaint at ¶ 39. However, "[p]roceeding under the false certification theory, does not alleviate Relator's obligation to plead [its] case with particularity." *U.S. ex rel. Schubert v. All Child. Health Sys., Inc.*, No. 8:11-cv-1687-T-27EAJ, 2013 WL 1651811, at *3 (M.D. Fla. April 16, 2013). In *United States ex rel. McNutt v. Haleyville Medical Supplies, Inc.*, the Eleventh Circuit upheld a denial of a motion to dismiss a false certification case because "the government ha[d] identified as false numerous *specific* claims the [defendant] made to the federal government," including the name of the patient, the date of the prescription, and the date the defendant submitted the claim form to the government. 423 F.3d 1256, 1258 & 1260 (11th Cir. 2005)

---

[1] Although the Court admonished the Relator about its lack of particularity with respect to each defendant, the Relator failed to correct this deficiency in the Complaint. *See* Order at p. 5 [Doc. No. 109]; Section II.E., *infra*.

5

(emphasis added).  That is not the case here.  Instead, the Relator's implied certification claim must fail because Relator has not identified one (1) false claim submitted to the government by Dr. Groover (or any other defendant).

The Relator claims that Dr. Groover is "the referrer[] of [his] patients for surgery; the surgeon[] who perform[s] the surgery; and the surgeon/owner[] of the facility in which [he] perform[s] the surgery."  Complaint at ¶17.  Additionally, the Relator asserts that "Groover himself performed surgeries at Fleming Island ASC," but fails to allege that those surgeries were billed to the government.  *Id.* at ¶167.  Without any personal knowledge of Dr. Groover's billing practices or any facts indicating the government was actually billed, the Relator implies that Dr. Groover has submitted claims to the government for those services by noting that "Jack Groover is registered and therefore qualified to submit claims to Medicare and other government programs since receiving his [National Provider Identification ("**NPI**")] number."  Complaint at ¶141; *C.f. U.S. ex rel. Parker v. Space Coast Med. Assocs., L.L.P.*, 94 F.Supp.3d 1250, 1258 (M.D. Fla. 2015) (noting that "Relators are not merely asking the Court to infer that government programs were billed merely because a high percentage of Defendants' patients had these programs as their primary insurer; they have instead alleged facts indicating that the government was billed.").  Mere conjecture that Dr. Groover had the *ability* to bill Medicare is not sufficient to plead a violation of the FCA. *See U.S. ex rel. Clausen v. Lab. Corp. of Am., Inc.,* 290 F.3d 1301, 1313 (11th Cir. 2002).

Although the Relator provides the amount of Medicare billings for other doctors (*see* Complaint at ¶¶54, 114, 205 & 226), it suspiciously fails to provide the Medicare billings for Dr. Groover.  Relator obtained the Medicare billing information through the public domain

6

from the Centers for Medicare and Medicaid Services website (https://www.cms.gov/research-statistics-data-and-systems/statistics-trends-and-reports/medicare-provider-charge-data/physician-and-other-supplier.html), which indicates that Dr. Groover has no Medicare billings for the time period alleged in the Complaint. Thus, Dr. Groover could not have submitted a false claim to Medicare, which is why the Relator has not produced one. Accordingly, the Complaint should be dismissed as to Dr. Groover.

### A. Count IV—The Complaint Fails to Allege a Violation Under 31 U.S.C. §3729(a)(1)(A).

In Count IV, the Relator alleges a cause of action against the Groover Defendants pursuant to § 3729(a)(1)(A) of the FCA. Pursuant to 31 U.S.C. § 3729(a)(1)(A) the Relator must plead three elements: (1) a false or fraudulent claim, (2) which was presented or caused to be presented, by the defendant for payment or approval, (3) with knowledge that the claim was false. *See U.S. v. KForce Gov't Solutions, Inc.*, No. 8:13-CV-1517-T-36TBM, 2014 WL 5823460, at *7 (M.D. Fla. Nov. 10, 2014).

Even accepting the allegations as true, the Relator has failed to establish that a false or fraudulent claim was knowingly[2] submitted for payment or approval by Dr. Groover. First, as indicated *supra*, the Relator has failed to allege one false claim that was submitted to the government. "The requirement of alleging the presentment of a false claim cannot be overcome by detailing other improper activity." *Schubert*, 2013 WL 1651811, at *3.

---

[2] Without explaining such a conclusion, the Relator simply states that "Defendants' actions were knowing and/or reckless, as defined by the FCA." Complaint at ¶252.

7

Second, the Relator has failed to describe the "who," "what," where," "when," and "how" a specific fraudulent claim was submitted to the government. "In order to plead the submission of a false claim with particularity, a relator must identify the particular *document and statement* alleged to be false*, who* made or used it*, when* the statement was made, *how* the statement was false, and *what* the defendants obtained as a result." *U.S. ex rel. Matheny v. Medco Health Solutions, Inc.*, 671 F.3d 1217, 1225 (11th Cir. 2012) (emphases added).

Instead, the Relator implies that because Dr. Groover "has significant control over the management of the Borland Groover Clinic," (one of the defendants) Dr. Groover was involved in the submission of all claims. Complaint at ¶164. The Relator then uses Dr. Groover's management role to conclude that the Groover Defendant's business model directed by Dr. Groover resulted in the submission of false claims. *See id.* at ¶169. However, "nowhere in the blur of facts and documents assembled by [Relator] regarding [the] schemes can one find any allegation, stated with particularity, of a false claim actually being submitted to the Government." *Clausen,* 290 F.3d at 1312. "Without the presentment of such a claim, while the practices of an entity that provides services to the Government may be unwise or improper, there is simply no actionable damage to the public fisc as required under the False Claims Act." *Id.* at 1311.

The Relator's recitation of the language of the FCA is similarly inadequate to state a submission of a false claim. *See* Complaint at ¶¶263 & 266 ("presented or caused to be presented false or fraudulent claims for payment or approval for payment by government funds" and "knowingly made, used or caused to be made or used, a false record of (sic) statement to get false or fraudulent claims paid or approved by the Government."). Such

8

conclusory statements are insufficient to prove that a false claim has *actually* been submitted. *See Clausen*, 290 F.3d at 1312 (the relator failed to "provide any factual basis for his conclusory statement tacked on to each allegation that bills were submitted to the Government as a result of these schemes.").

This case is similar to *Clausen* because, like the Relator, Clausen was not an insider of the defendant, LabCorp. In describing the failings of one of Clausen's complaints, the Eleventh Circuit explained that Clausen described various schemes used by LabCorp for performance of unnecessary tests, but

> merely offer[ed] conclusory statements, and [did] not adequately allege when—or even if—the schemes were brought to fruition. He merely alleged that 'these practices resulted in the submission of false claims for payment to the United States.' No amounts of charges were identified. No actual dates were alleged. No policies about billing or even second-hand information about billing practices were described, other than to state that electronic HCFA Form 1500s with medical test codes were used. No copy of a single bill or payment was provided.

*Id.* Similarly, the Relator here has failed to provide amounts fraudulently charged, dates when alleged charges occurred, or a copy of a bill or payment. Accordingly, Count IV should be dismissed with prejudice with respect to Dr. Groover.

### B. Count V—Relator Fails to Identify Specific False Statements or Records That Were Knowingly Made by Dr. Groover in violation of 31 U.S.C. § 3729(a)(1)(B).

To avoid dismissal of Count V, Relator must sufficiently allege three elements with respect to Dr. Groover: (1) a false statement or record; (2) that was material to a false or fraudulent claim; and (3) the defendant knew it was false. *See* 31 U.S.C. § 3729(a)(1)(B); *Mastej*, 591 Fed. Appx. at 711. Once again, Relator has failed to allege the necessary elements with particularity.

To plead a section 3729(a)(1)(B) claim, the relator must allege with particularity that **Dr. Groover's** "false statements ultimately led the government to pay amounts it did not owe." *Hopper,* 588 F.3d at 1329. At a minimum, the complaint must provide sufficient detail regarding the time, place, and content of Dr. Groover's alleged false statements and the claim for payment. *See Bennett v. MIS Corp.,* 607 F.3d 1076, 1100 (6th Cir. 2010). "The False Claims Act does not punish a system that *might* allow false claims to be sent to the government." *U.S. v. Kernan Hosp.,* 880 F.Supp.2d 676, 688 (D.Md. 2012) (emphasis in original).

The Complaint fails to provide sufficient detail to support Relator's claim because it again fails to allege any particular facts regarding (1) what false statements were made by Dr. Groover, (2) when they were made, (3) who they were made to, (4) the content of the statement, and (5) what specific claims for payment were submitted by Dr. Groover that relied on the purported false statements. Indeed, there is not one (1) allegation in over 250 paragraphs regarding alleged false statements made by Dr. Groover. Accordingly, Count V of the Complaint should be dismissed with prejudice with respect to Dr. Groover.

    **C.**    **Relator Fails to Allege a Violation of the AKS**

To plead a violation of the AKS, the Relator must allege that Dr. Groover "(1) knowingly and wilfully, (2) pays money, directly or indirectly, to doctors, (3) *to induce the doctors to refer individuals* to [Dr. Groover] for furnishing of medical services, (4) paid for by Medicare." *Mastej*, 591 Fed. Appx. at 698 (emphasis in original).

Relator relies on Advisory Opinion 12-06 and Letters from the AANA and ASA to the OIG in support of its allegations that Dr. Groover has violated the AKS. *See* Complaint

¶¶237-246 and Exhibits 5 & 6 to the Complaint.  To the contrary, the Advisory Opinion and Letters show that, taking all allegations as true, Dr. Groover could not have violated the AKS "knowingly and wilfully."  As pointed out in the Letters, company model medical businesses exist all over the country and, over the past three (3) years the AANA and ASA have sought "clarity" and "guidance" with respect to the legality of these business models.  Indeed, as explained in the 2013 letter from the ASA, the effect of Advisory Opinion 12-06 has been limited, and the opinion has been interpreted narrowly.  If associations broader than the Relator have sought clarity and guidance on the legality of exactly what the Relator claims Dr. Groover is doing to violate the AKS, there can be no knowing and willful violation of the Statute by Dr. Groover.

Moreover, like its FCA allegations, the Relator fails to plead such allegations with particularity, including the who, what, where, when and how of the AKS violation.  *See Schubert*, 2013 WL 1651811, at *3-4.  Once again, the Relator makes conclusory statements and relies on second and third hand information in crafting its Complaint.  For instance, the Realtor states that "[u]pon information and belief, Groover induced non-BG ASC owners…to terminate NFAC and refer their anesthesia services…by agreeing to and in fact kicking back a portion of the anesthesia fees."  Complaint at ¶211; *see U.S. ex rel Stinson v. Blue Cross Blue Shield of Ga., Inc.*, 755 F.Supp. 1040, 1052 (noting that when Rule 9(b) applies, "pleadings generally cannot be based on information and belief").  Then, the Relator explains its "belief" by admitting that "[a]lthough Southpoint non-BG surgeons and Groover always met behind closed doors and the exact mechanism by which kickbacks were funneled back to the non-BG owner/referrers of anesthesia, the information and belief is based on

reports to Relator by an insider of Southpoint ASC, based on discussions about the Groover "take-over" with key non-BG ASC owners…" *Id.* at ¶212. Thus, not only does the Relator fail to provide the requisite particularity for Dr. Groover to defend against its allegations, it admits that its allegations are based on second and third-hand knowledge of unnamed people who were not even in the meetings where the alleged kickbacks were discussed. Accordingly, the Complaint fails to allege a violation of the AKS by Dr. Groover and should be dismissed with prejudice.

### D.     Relator Is Not an Insider and Cannot Provide an Indicia of Reliability

Relator is a professional organization of nearly 2,000 anesthesiologists throughout the state of Florida. *See* Complaint at ¶6; *Mastej*, 591 Fed.Appx. at 704 ("a corporate outsider likely does not have the required access to learn enough about the defendants' billing practices" to assert that the defendants actually submitted false claims). Although Relator alleges that it has personal knowledge of the claims made in the Complaint through its members (*id.* at ¶¶6-7), Relator has not provided sufficient indicia of reliability to support its allegations. The Relator does not claim that it, as an association (or an individual member), has *personal knowledge* of the inner workings of any of the entities through which it attempts to allege Dr. Groover and others perpetuated a fraud. *See* Complaint at ¶186 ("While the exact amount and mechanism for funneling of the kickbacks back to the ASCs/referrers is uniquely within the knowledge of the defendants, the payment of the kickbacks can be reliably inferred…").

Moreover, the Relator does not and cannot claim to have been a witness to the submission of any false claim. In essence, a FCA relator must do more than merely allege a

12

private scheme; the relator must provide "some indicia of reliability . . . to support the allegation of an actual false claim for payment being made to the government." *Clausen*, 290 F.3d at 1311. "[I]t is not enough for a *qui tam* Relator to spell out in detail the fraudulent schemes allegedly employed by a defendant. Nor is it sufficient to set out in detail the process by which false claims could be produced. In addition to such allegations, a *qui tam* Relator must identify the claims that were actually submitted and must set forth facts sufficient to show that the conduct alleged actually resulted in the submission of false claims." *U.S. ex rel. Nichols v. Omni H.C., Inc.*, No. CIV.A. 4:02-CV-66HL, 2008 WL 906426, at *5 (M.D. Ga. Mar. 31, 2008) (*citing Clausen*).

Furthermore, Relator cannot claim that its allegations carry the requisite indicia of reliability because it is an insider of Dr. Groover's billing department. Relator is not an insider with respect to Dr. Groover or his associated businesses, nor does it allege to have knowledge of Dr. Groover's billing practices. *See Mastej*, 591 Fed.Appx. at 704 ("Providing exact billing data—name, date, amount, and services rendered—or attaching a representative sample claim is one way a complaint can establish the necessary indicia of reliability that a false claim was actually submitted."). Thus, Relator does not have "firsthand information about [Dr. Groover's] internal billing practices and the manner in which the [alleged] fraudulent billing schemes were implemented." *Hill v. Morehouse Med. Associates, Inc.*, No. 02-14429, 2003 WL 22019936, at *4 (11th Cir. Aug. 15, 2003). Accordingly, Relator has failed to provide any indicia of reliability to support its allegations that Dr. Groover violated the FCA, and the Complaint should be dismissed with prejudice as to Dr. Groover.

### E. The Relator Also Fails to Plead with Particularity by Continuing to Lump Dr. Groover Into A Defined Term With Other Defendants

As it did in the Second Amended Complaint, the Relator once again lumps Dr. Groover in with other defendants. *See* Complaint at ¶153 (Relator refers to Dr. Groover "and all the companies set forth herein as part of the Groover Ring" as "Groover.").[3] "The particularity requirement of Rule 9(b) is intended to provide each defendant with notice of the specific fraudulent statements attributable to them." *Fellner v. Cameron*, No. 2:10-CV-155-FTM-99SPC, 2012 WL 1648886, at *4 (M.D. Fla. May 10, 2012). For example, the Relator alleges that "non-Borland Groover physician surgeons…referred anesthesia services to Groover in exchange for kickbacks." Complaint at ¶155. The Plaintiff fails to provide notice as to whether the anesthesia services were referred directly to Dr. Groover or one of the other Groover Defendants.

A plaintiff that "lumps many Defendants together in claims relating to vaguely defined fraudulent conduct related to multiple transactions" does not meet the particularity standard of Rule 9(b). *Fellner*, 2012 WL 1648886, at *4. Instead, such a pleading simply serves to "confuse and obfuscate each Defendant's conduct to the point where the particularity requirement of Rule 9(b) is not satisfied." *Id.; accord Transatlantic, LLC v. Humana, Inc.*, No. 8:13-cv-T-17TBM, 2014 WL 5039667, at *2 (M.D. Fla. Sept. 30, 2014) ("A complaint does not meet the Rule 9(b) particularity standard where it is devoid of specific allegations as to each defendant; in a case involving multiple defendants . . . the complaint should inform each defendant of the nature of his alleged participation in the

---

[3] Thus, Dr. Groover and four (4) other defendants are described by using the term "Groover" interchangeably over the following 83 paragraphs.

fraud."). Accordingly, the Relator's use of the defined term "Groover," which encompasses five (5) defendants makes it impossible for Dr. Groover to sufficiently answer the Complaint.

**III.     FLORIDA FALSE CLAIMS ACT**

The Relator brings Count VI[4] pursuant to the FFCA. The FFCA is modeled after and tracks the language of the FCA. *See Heater v. Holy Cross Hosp., Inc.*, 510 F. Supp. 2d 1027, 1033 n.5 (S.D. Fla. 2007). Consequently, a claim under the FFCA must satisfy the same pleading standard that governs an FCA action. *See, e.g., Barys v. Vitas Healthcare Corp.*, 298 F. App'x 893, 894 n.1 (11th Cir. 2008).

As is true in an FCA action, an FFCA claim must also comply with Rule 9(b)'s heightened specificity standard. *See Schubert*, 2013 WL 1651811, at *5. "The purpose of this requirement is to alert defendants 'to the precise misconduct with which they are charged and to protect defendants against spurious charges of immoral and fraudulent behavior.'" *Parker*, 94 F.Supp.3d at 1256 (*quoting Atkins*, 470 F.3d at 1359 (brackets omitted)). "'Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the Relator, and (4) what the defendants obtained as a consequence of the fraud.'" *Id.* (*quoting Clausen*, 290 F.3d at 1310). Accordingly, for the reasons stated *supra*, Count VI should also be dismissed with prejudice as to Dr. Groover.

---

[4] The Relator mistakenly drafted this as a second Count IV, but since the description of the allegation is different, Dr. Groover assumes the Relator meant for this to be Count VI.

### IV. THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE BECAUSE FURTHER AMENDMENTS WOULD BE FUTILE.

It is clear that Relator cannot allege sufficient facts to satisfy the requisite heightened pleading requirements, and allowing further amendments would be futile.  "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello,* 428 F.3d at 1014.  Leave to amend, however, need not be granted where further amendment would be futile, a waste of judicial resources, and prejudicial to the defendant. *See id.*  The Relator has already amended its complaint three times, but failed to provide further specificity in its allegations.  Accordingly, any further amendments would be futile.

Dr. Groover has been and will continue to be prejudiced as a result of the Relator's unsubstantiated allegations of fraud.  By failing to "specifically plead the minimum elements of [its] allegation[s]," Relator is "needlessly harm[ing] . . . [Dr. Groover's] goodwill and reputation by bringing a suit that is, at best, missing some of its core underpinnings, and, at worst, are baseless allegations used to extract settlements." *Clausen*, 290 F.3d at 1314 n.24.

### CONCLUSION

For reasons set forth above, Defendant Dr. Groover requests entry of an order granting this motion, upon which the Court (i) dismisses the Complaint with prejudice for failing to state a claim upon which relief can be granted and failing to plead fraud with

specificity, (ii) awards Dr. Groover his attorneys' fees and costs incurred in defense of this action, and (iii) grants such other and further relief as the Court deems just and proper.

Dated: December 14, 2016

Respectfully submitted,

*/s/ Gregory W. Kehoe*
Gregory W. Kehoe (FBN 0486140)
kehoeg@gtlaw.com
Danielle S. Kemp (FBN 0474355)
kempd@gtlaw.com
Greenberg Traurig, P.A.
101 East Kennedy Blvd., Suite 1900
Tampa, FL 33602
Telephone: 813.318.5700
Facsimile: 813.318.5900

*Counsel for Defendant Dr. Jack Groover*

## CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of December 2016, I electronically filed the foregoing with the Clerk of the Courts by using the ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Gregory W. Kehoe*
Attorney